IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2074-FL

| | |
|---|---|
| EVERTON A. BERRY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT THOMPSON, )<br>)<br>Respondent. ) | ORDER |

This matter – a petitioner for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254 – came before the court on respondent's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure(DE # 5). Petitioner timely submitted his opposition to the motion, and the issues raised now are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF CASE

On June 4, 2007, petitioner was convicted in the Wake County Superior Court of two counts of trafficking cocaine and one count of possession with intent to sell and deliver marijuana. Petitioner was sentenced to a consolidated term of one hundred seventy-five (175) to two hundred nineteen (219) months imprisonment.

Petitioner filed a notice of appeal following his conviction. On November 18, 2008, the North Carolina Court of Appeals issued an order finding no error. See State v. Berry, 193 N.C. App. 753, 671 S.E.2d 72, 2008 WL 4912053 (2008) (unpublished table decision). On December 19, 2008,

petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which denied the petition on March 19, 2009. See State v. Berry, 675 S.E.2d 660 (2009).

On April 30, 2010, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that law enforcement officers violated his rights under the Fourth Amendment to the United States Constitution when they performed an illegal search. Petitioner also alleges that he was the victim of entrapment.

On June 16, 2010, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. Petitioner filed a response to respondent's motion on July 12, 2010.

## STATEMENT OF FACTS

The facts relevant to the court's inquiry were stated by the North Carolina Court of Appeals as follows:

> On 17 April 2006, the grand jury returned two indictments against defendant for trafficking in cocaine, and one indictment for possession of marijuana with intent to sell or deliver. On 3 April 2007, defendant filed a pretrial motion to suppress physical evidence and inculpatory statements. Defendant argued that police were required to obtain a search warrant because they lacked exigent circumstances to justify a warrantless search of his car. Defendant further argued that his subsequent waiver of his Miranda rights and consent to search his two apartments was rendered ineffective by the unconstitutional search of his car.
>
> The trial court held a suppression hearing on 31 May 2007. The only witness for the State was Detective James Hobby. A confidential informant had told Detective Hobby that defendant would sell him one kilogram of cocaine. Detective Hobby had spoken to the informant a dozen times since his arrest on other charges and considered the informant reliable. Detective Hobby also listened to telephone conversations between defendant and the informant in which defendant agreed to sell the informant one kilogram of cocaine. Detective Hobby arranged to have defendant meet the informant in a store parking lot on 7 March 2006.
>
> Two detectives followed defendant from his apartment to the parking lot. Defendant and his car, a black Lexus, matched the informant's description. Defendant and the informant met in the parking lot and went inside the store. Using an electronic

2

listening device, the officers could monitor the conversation when defendant and the informant were outside, but not while they were inside the store. When defendant and the informant came out of the store, they got into defendant's car with a plastic bag. When the informant gave a pre-arranged signal, officers pulled alongside defendant's car.

The officers handcuffed defendant and put him in the back of a patrol car. When the officers searched defendant's car, they found a white, plastic bag with a "plastic block object" sitting in the passenger area. Based on his training and experience in drug investigations, Detective Hobby believed that the block was a kilogram of cocaine. Detective Hobby advised defendant that he was under arrest for drug trafficking and administered Miranda warnings. Defendant agreed to talk to Detective Hobby.

The informant had described defendant as Jamaican, and Detective Hobby believed that defendant spoke with a Jamaican accent. As they searched defendant's car, the officers found defendant's address. Detective Hobby asked defendant if that was his current address. Defendant told Detective Hobby that he was in the process of moving between two apartments in the same complex. Detective Hobby asked defendant for permission to search both apartments, and defendant signed a consent to search form. The form was admitted into evidence at the hearing. In defendant's old apartment, the officers found about 750 grams of cocaine in three separate packages. In the new apartment, the officers found ten compressed bags of marijuana.

In an interview room at the Raleigh police department, Detective Hobby read defendant his Miranda rights for a second time. Defendant told Detective Hobby that he was willing to speak without an attorney present and executed a written waiver of his rights. Defendant was not handcuffed at the time, and Detective Hobby was the only officer in the room. The written waiver form was introduced into evidence at the suppression hearing. Defendant, however, testified that the signatures on the consent to search and the waiver of rights forms were not his.

In its oral order denying the motion to suppress, the trial court concluded that the officers were not required to demonstrate exigent circumstances to conduct a warrantless search of defendant's car because they had probable cause to believe that there was evidence of a crime in the car. The trial court also concluded that defendant voluntarily consented to the searches of his apartments.

The testimony at trial regarding the search of defendant's car and apartments was substantially the same as the testimony at the suppression hearing. At trial, however, Detective Hobby also testified that when he interviewed defendant at the sheriff's office, defendant told him that he had received two kilograms of cocaine from a man

3

named, "Lucky." Defendant had sold about 250 grams of the cocaine earlier the same day for $5,000.00. Defendant said he was supposed to meet a friend in the store parking lot to sell him a kilogram of cocaine. Defendant also told Detective Hobby that officers had missed $7,500.00 in cash that he had in a closet in his first apartment.

Defendant did not present any evidence at trial, and the trial court denied defendant's motion to dismiss. The jury found defendant guilty of trafficking in more than 400 grams of cocaine by possession and transportation and possession of marijuana with intent to sell and deliver. The trial court consolidated all three convictions into one judgment of 175 to 219 months in prison.

Berry, 2008 WL 4912053 at *1-2.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly

established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2).

A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id.

The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

5

B.  Analysis

   1.  Fourth Amendment Search and Seizure

In his first claim, petitioner argues evidence obtained in violation of the Fourth Amendment was introduced at his trial. Petitioner raised this claim on direct appal to the North Carolina Court of Appeals. The court of appeals adjudicated this claim and found it to be without merit.

Generally, a prisoner may not collaterally attack a state conviction on the grounds that illegal evidence was admitted at trial where the state "has provided an opportunity for full and fair litigation of a Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 494 (1976); Grimsely v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982). Here, petitioner was provided a full and fair opportunity to raise and litigate his Fourth Amendment claim on direct appeal to the North Carolina Court of Appeals and on discretionary review to the North Carolina Supreme Court. Petitioner does not dispute this contention, and admits in his petition that he raised this claim before the North Carolina Court of Appeals. As a result, petitioner's Fourth Amendment argument is without merit.

   2.  Entrapment

In his second claim, petitioner alleges that his conviction was obtained through entrapment. Respondent contends this claim is procedurally defaulted.

Under the doctrine of procedural default, a federal court is precluded from reviewing the merits of any claim that was found to be procedurally barred by the state court on adequate and independent state grounds. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). However, procedurally defaulted claims can be reviewed by a federal habeas court if the petitioner demonstrates cause and prejudice, or that the failure to consider the claim will result in a fundamental miscarriage of justice. Id. at 750. To show cause, a petitioner must show something

6

external prevented him from complying with the state procedural rule. Id. at 753. To show prejudice, a petitioner must show he actually was prejudiced as a result of the alleged violation of federal law. United States v. Frady, 456 U.S. 152, 168 (1982).

In this case, petitioner failed to raise his entrapment claim in his direct appeal. Because of this omission, he has not adequately presented this claim to the state courts. If petitioner now filed a MAR or a petition for discretionary review to the North Carolina Supreme Court, the claims would be barred by the state court under North Carolina's procedural bar statute, N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b). See Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (holding that N.C. Gen. Stat. § 15A-1419 is mandatory); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review). Thus, petitioner's entrapment claim is procedurally barred in this court.

Petitioner has not alleged facts to support cause or prejudice for his failure to raise this claim in his direct appeal. Because petitioner has not satisfied the cause and prejudice test necessary to overcome his procedural default, his claims are procedurally defaulted. Accordingly, this court is precluded from reviewing petitioner's entrapment claim.

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

7

Case 5:10-hc-02074-FL  Document 9  Filed 02/15/11  Page 7 of 9

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

8

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 5) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 15th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge